UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY D. BICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-127-SPM |
| | ) | |
| WARDEN BILL STANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Gary D. Bice, prison registration number 177348, for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, for failure to state a claim, or on statute of limitations grounds. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated three strikes. *See Bice v. Ester*, Case No. 1:10-cv-93-SNLJ (E.D. Mo. Sept. 13, 2010); *Bice v. Commission or Directors of*

*Cape Girardeau City Police Dept.*, Case No. 1:11-cv-27-SNLJ (E.D. Mo. Feb. 25, 2011); and *Bice v. Eastest*, Case No. 1:13-cv-181-SNLJ (E.D. Mo. Mar. 26, 2014). Therefore, plaintiff may proceed in forma pauperis in this action only if he is under imminent danger of serious physical injury.

In the instant complaint, Bice presents the following conclusory allegations with no additional facts:

> Will not give us medical treatment
> They never clean the cell blocks.
> Food ground into the concrete.
> A general population honor wing here in 2 house ad segregation and a general population protective custody wing here in 2 house ad segregation.
> A P.C. offender put in cell with G.P. offender putting a P.C. offender in danger.
> P.C. offender coming over to ad seg as plumber while ad seg offenders shower and use the phones.
> I passed out and hit the concrete floor.
> I've only had one surgery and I need another to fix cracked orbit and nose that was crushed. C.T. Scan in medical file will show this.
> They have G.P. offenders from 2-C honor wing to come sweep floors never mop?
> Cockroaches getting into the food, in the ad seg trays.

ECF No. 1 at 3-4.

Nothing in the complaint permits the conclusion that Bice is under imminent danger of serious physical injury. Thus, plaintiff may not proceed in forma pauperis in this action. As a result, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED**.

2

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

Dated this 16th day of June, 2020.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE